# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JULIA COLLETT, # 1624805, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-2685-K-BH |
| | ) | |
| CPS 2006, | ) | |
| | ) | |
|        Defendant. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

The plaintiff initially filed this action against the defendant on October 2, 2017. (*See* doc. 3.) By *Notice of Deficiency and Order* dated October 3, 2017, she was notified that she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) Attached to the order was a copy of the form IFP application to proceed. *See id.* The order specifically advised the plaintiff that he must either pay the filing fee or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* On that same day, the plaintiff was also sent a magistrate judge's questionnaire to obtain more information about her claims. (*See* doc. 4.) The questionnaire specifically advised the plaintiff that her answers were due within thirty days, and that a failure to timely provide her answers could result in the dismissal of her case. *Id.*

On October 17, 2017, the plaintiff's motion for leave to proceed IFP was received, but she did not submit her answers to the questionnaire. (*See* doc. 6.) More than thirty days from

the date of the questionnaire have passed, but the plaintiff has not since filed her answers or anything else in the case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she submit her answers to the questionnaire despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits her answers to questionnaire within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED** on this 27th day of November, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE